IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CURTIS GRAVES,**
**# 07039-028,**

**Petitioner,**

vs.                                   Case No. 14-cv-1034-DRH

**JEFFREY S. WALTON,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Curtis Graves, an inmate in the Federal Correctional Institution located in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his enhanced sentence as a career offender. Graves claims that the United States Supreme Court's decision in *Descamps v. United States*, 570 U.S. ---, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (June 20, 2013), like several Supreme Court decisions before it, calls into question his status as a career offender and, consequently, his sentence. Graves has also filed a motion to supplement the Section 2241 petition (Doc. 3), in order to offer additional authority in support of this claim.

This matter is now before the Court for preliminary review of the habeas petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits

annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action brought pursuant to Section 2241. For the reasons set forth below, the petition shall be **DISMISSED**.

## I. Background

Following a jury trial in 2004, Graves was convicted of two counts of distributing 50 or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii). *See United States v. Graves*, No. 02-cv-00127 (S.D. Ind. 2002) ("criminal case") (Doc. 1). At sentencing, his base offense level was determined to be a 34 because of the drug quantities involved. However, the sentencing court increased the offense level to 37, after determining that Graves qualified as a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. Graves' offense level, when combined with his criminal history category (VI), led to a sentencing range of 360 months to life. He was sentenced to concurrent terms of 360 months on each count (Doc. 1-2, criminal case).

Graves' conviction was affirmed on appeal by the United States Court of Appeals for the Seventh Circuit. *See United States v. Graves*, 418 F.3d 739 (7th Cir. 2005). His sentence was also affirmed, after a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), for review of the sentence in light of *United States v. Booker*, 543 U.S. 220 (2005). *See United*

*States v. Graves*, 184 Fed. Appx. 579 (7th Cir. 2006) (unpublished decision). The Seventh Circuit affirmed the sentence on June 19, 2006. *Id.*

On appeal, Graves argued "that the career offender enhancement should not have been used to determine his sentence because he did not have the requisite number of prior felony convictions." *See Graves*, 418 F.3d at 744. He maintained that two of his prior felony convictions for aggravated battery were so closely related to one another that they were effectively a single conviction. The Seventh Circuit considered the issue at length before concluding that "the district court [did not] err in finding that Graves' two prior felonies were not 'related'; thus, sentencing him as a career offender was proper." *Id.* at 745.

Graves collaterally attacked his sentence by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Graves v. United States*, No. 07-cv-01217 (S.D. Ind., filed Sept. 24, 2007) (Doc. 1). Among other things, Graves challenged his status as a career offender, but couched this challenge in terms of the ineffective assistance of his counsel. After finding that Graves was attempting to breathe new life into a stale argument, the district court held that the "correctness of his sentence as a career offender was considered and affirmed in his direct appeal" (Doc. 23, p. 5). The district court denied the Section 2255 motion with prejudice on February 8, 2011, and also declined to issue a certificate of appealability (Doc. 23, p. 7). The Seventh Circuit denied Graves' request for a certificate of appealability on August 3, 2011. *Graves v. United States*, No. 11-1768 (7th Cir. 2011) (Doc. 9).

Graves filed a second collateral attack on June 12, 2014. *See Graves v. United States*, No. 14-cv-00977 (S.D. Ind., filed June 12, 2014). Graves did not receive the Seventh Circuit's prior authorization to file the successive motion. After noting this fact, the district court dismissed the action for lack of jurisdiction on June 30, 2014, and declined to issue a certificate of appealability (Doc. 2). The instant petition followed.

## II.   Habeas Petition

In his Section 2241 petition (Doc. 1) and his motion to supplement (Doc. 3), Graves again attacks his sentence. He challenges the predicate offenses giving rise to his status as a career offender. Graves argues that his two convictions for aggravated battery were so closely related to one another that they should have been treated as a single felony when assessing Graves' status as a career offender; alternatively, one of the convictions for aggravated battery should have been deemed an *attempted* aggravated battery, and not a qualifying conviction, after applying the analytical framework set forth in *Descamps*. Under either of these theories, Graves argues that he is not a career offender and should not have been sentenced as such (Doc. 1, pp. 12-13).

Graves now invokes the "savings clause" under Section 2255, by arguing that Section 2255 is "inadequate or ineffective" to test the validity of his sentence because new case law demonstrates that he is "actually innocent" of being a career offender. Graves points to several United States Supreme Court and Seventh Circuit opinions in support of his argument. *See Descamps v. United States*,

570 U.S. ---, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013) (June 20, 2013); *Begay v. United States*, 553 U.S. 137 (2008); *Brown v. Caraway*, 719 F.3d 583, 588 (7 Cir. 2013); *Narvaez v. United States*, 674 F.3d 621, 629-30 (7th Cir. 2011). However, he relies primarily on *Descamps* (Doc. 1, pp. 6-8).

Graves specifically argues that *Descamps* calls into question the analytical framework used to determine whether his prior convictions qualified as predicate offenses. He asserts that *Descamps* is retroactively applicable to his case. Finally, he argues that his enhanced sentence amounts to a miscarriage of justice (Doc. 1, p. 7). He asks this Court to find that he is not a career offender, and his sentence has been served.

### III. <u>Discussion</u>

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal errors in conviction or sentencing. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). They are typically limited to challenges regarding the execution of a sentence. *See id*. A federally convicted person may instead challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court that sentenced him, and a Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

However, Section 2255 generally limits a prisoner to *one* challenge of his conviction and sentence under Section 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that

such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

Under very limited circumstances, a prisoner may challenge his federal conviction or sentence under Section 2241. *See* 28 U.S.C. § 2255(e). Section 2255(e) contains a "savings clause" that authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." *Id.*; *see also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). "A procedure for post-conviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Graves invokes the "savings clause" in this case.

In order to fit within the savings clause following *Davenport,* a petitioner must satisfy three conditions. *Id*. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or

sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

The instant Section 2241 petition must be dismissed for failure to satisfy the second *Davenport* requirement. In his Section 2241 petition, Graves primarily relies on the Supreme Court's recent decision in *Descamps v. United States*, 570 U.S. ---, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (June 20, 2013). Had the sentencing court properly applied the analytical framework announced in *Descamps*, he argues, it would have concluded that he had only a single predicate offense (i.e., either because one of the aggravated battery convictions should have been characterized as an *attempted* aggravated battery or because the two aggravated battery convictions were so related as to constitute only a single conviction).

Graves' reliance on *Descamps* is misplaced. In *Descamps*, the Supreme Court did not signal that the case broke new legal ground or should be applied retroactively. In fact, the Seventh Circuit recently stated that "*Descamps* is explicitly an extension of existing Supreme Court caselaw." *See Gieswein v. Walton*, No. 14-2247 (7th Cir. 2014) (Doc. 15-1, p. 2). Graves was certainly not foreclosed from raising these arguments in his direct appeal or in his collateral attacks. In fact, he did so. Graves is, once again, recycling old arguments. He had ample opportunity to present these arguments, and his failure to prevail on them does not render Section 2255 inadequate or ineffective. Under the

circumstances, the Court declines Graves' invitation to revisit his sentence on the strength of *Descamps*.

His motion to supplement (Doc. 3) also asks the Court to consider his arguments under *Begay v. United States*, 553 U.S. 137 (2008). *Begay* is a statutory interpretation case, and it has been applied retroactively. However, it is not "new." *Begay* was decided shortly after Graves' first Section 2255 motion was filed on September 24, 2007, and Graves could have addressed *Begay* in that proceeding--long before Graves' first Section 2255 motion was denied on February 8, 2011. Further, the underlying arguments, as emphasized above, were addressed in Graves' direct appeal and collateral attack.

None of the other cases cited by Graves warrant the relief he now seeks, for the same reason. They represent little more than an extension of the same line of cases, already relied on in analyzing Graves' career offender status. Because Graves has not demonstrated that Section 2255 is "inadequate or ineffective," he cannot pursue his claims under Section 2241.

### IV. Disposition

**IT IS HEREBY ORDERED** that the petition is summarily **DISMISSED** on the merits with prejudice. Respondent **JEFFREY S. WALTON** is also **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues

petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[1] appeal deadline. To appeal the dismissal of a Section 2241 petition, it is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 20, 2014**

Digitally signed by David R. Herndon
Date: 2014.10.20 14:55:38 -05'00'

**District Judge**
**United States District Court**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).